NO. 07-05-0469-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 21, 2007

______________________________

EFREN ZUNIGA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 51,621-E; HONORABLE ABE LOPEZ, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant Efren Zuniga, Jr., was charged with driving while intoxicated, enhanced by prior convictions, following a motor vehicle accident.  A jury convicted him of the offense and assessed punishment at twenty years confinement in the Texas Department of Corrections Institutional Division.  Contending the evidence supporting his conviction was factually insufficient, appellant appeals.  We will affirm.  

At around 1:30 a.m. on April 11, 2005, Amarillo police, fire and emergency medical personnel were dispatched to a one-car motor vehicle accident in the eastbound lane of Interstate 40 in Amarillo.  At the scene, the response personnel found a heavily damaged automobile resting in the left hand, eastbound, lane along the concrete median divider.  It appeared the vehicle struck the divider, changed direction, and then came to rest approximately fifty feet from the point of impact.  The vehicle was not occupied.

As he arrived at the accident scene, Amarillo Police Department Officer Steven Williams noticed bystanders, later identified as Bryan Burney, Jason Puckett, and a female believed to be the wife of Puckett or Burney, standing on the grassy median near the accident location waving and gesturing.  The three bystanders spoke over one another as they tried to direct Officer Williams to the driver of the accident vehicle. 

Police and EMS encountered appellant in a nearby used car lot.  Appellant presented with a significant scalp wound, lacerations, and blood on his face.  They noted on appellant the smell of an alcoholic beverage and he exhibited slurred and incoherent speech and bloodshot, glassy eyes.  With concern for a possibly serious head injury, EMS personnel rapidly transported appellant to a local hospital.  A sample of appellant’s blood drawn at the hospital revealed a blood alcohol concentration of 0.34. 

Appellant was arrested and indicted for driving while intoxicated.  A jury found him guilty of this offense and, finding prior like convictions, set his punishment at twenty years confinement in the Institutional Division of the Texas Department of Corrections.  Appellant timely appealed.

In his sole issue, appellant contends:

The evidence was factually insufficient to allow for a conviction of driving while intoxicated because the State failed to prove the element of Appellant’s driving without the use of improperly admitted hearsay evidence.

We must note at the outset that appellant’s issue is multifarious.  A multifarious issue is one that embraces more than one specific ground.  
Stults v. State, 
23 S.W.3d 198, 205 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd).  By combining more than one contention in a single issue, an appellant risks the court finding that nothing is presented for review.  
Id. 
 Yet, an appellate court may address a multifarious issue that is sufficiently developed in the brief.  
Foster v. State, 
101 S.W.3d 490, 499 (Tex.App.–Houston [1st Dist.] 2002, no pet.).  We will address appellant’s contentions, first considering his argument that the court erroneously admitted hearsay evidence, then his argument that factually insufficient evidence supports his conviction.  

In a prosecution for driving while intoxicated, the State must prove the accused was intoxicated while operating a motor vehicle in a public place and, for enhancement, that he had two prior driving while intoxicated convictions.  
See
 Tex. Penal Code Ann. §
§ 49.04(a), 49.09(b) (Vernon 2003).
 
 

Appellant’s factual sufficiency argument on appeal focuses on the evidence that he was the operator of the vehicle involved in the accident.  Appellant argues the only evidence tending to identify him as operator
 of the accident vehicle was Officer Williams’ hearsay testimony that bystanders at the scene reported they saw appellant “exit the vehicle.”  We disagree.

The exchange appellant references is as follows:

Q.   [Prosecutor]: Okay.  And did these people indicate to you who the driver was?

A.   They said there was a–

[Defense Counsel]: Objection, Your Honor; hearsay.

After argument, and a bench conference concerning admissibility of the statement under the present sense impression exception to the hearsay rule, Tex. R. Evid. 803(1), the court overruled the objection and witness examination resumed.

Q. [Prosecutor]: Corporal Williams, what did those witnesses tell you?

A.   The witnesses stated that the subject they had seen exit the vehicle was currently over on the access road, I believe it is I-40 and Wilson.  There’s Harbor Freight, and then there’s a small car dealership.  I’m not sure of the name of it.  But they said he was by the vehicles that were parked in the car dealership parking lot.

Assuming, but without deciding, the trial court erred in allowing Officer Williams’ testimony that bystanders reportedly saw appellant exit the vehicle, such error was harmless.  "If the fact to which the hearsay relates is sufficiently proved by other competent and unobjected to evidence, . . . the admission of the hearsay is properly deemed harmless and does not constitute reversible error."  
Anderson v. State, 
717 S.W.2d 622, 627 (Tex.Crim.App. 1986).  
Unobjected-to evidence, which we discuss below in consideration of appellant’s factual sufficiency claim, identifies appellant as the driver of the accident vehicle.
 

We turn to appellant’s argument that the evidence was factually insufficient to establish him as the operator of the accident vehicle.  Evidence supporting guilt may be factually insufficient because it is so weak that the jury’s verdict seems clearly wrong and manifestly unjust, or because evidence contrary to the verdict is such that the jury’s verdict is against the great weight and preponderance of the evidence.  
Marshall v. State
, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); 
Watson v. State
, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006).  In a factual sufficiency review, we consider all the evidence, in a neutral light, favoring neither side.  
Marshall
, 210 S.W.3d at 625; 
Watson
, 204 S.W.3d at 414; 
Clewis v. State
, 922 S.W.2d 122, 134 (Tex.Crim.App. 1996)
.  We review circumstantial evidence by the same standard as direct evidence.  
King v. State, 
29 S.W.3d 556, 565 (Tex.Crim.App. 2000).  Although an appellate court’s authority to review factual sufficiency permits the court to disagree with the fact finder’s determinations, the appellate court must accord them due deference, particularly those determinations concerning the weight and credibility of the evidence.  
Johnson
 
v. State
, 23 S.W.3d 1, 9 (Tex.Crim.App. 2000).
  Before reversing based on factual insufficiency, an appellate court must first be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict.  
Watson
, 204 S.W.3d 
at 417. 

Review of the record shows several of the State’s witnesses provided, without objection, evidence establishing appellant as the driver of the accident vehicle at the time of the accident.  Paramedic Jason Varnon testified that when he arrived at the accident scene he was directed to appellant.  He said appellant had a significant facial wound, lacerations, and blood on his face.  When Officer Williams arrived, he encountered bystanders who “were volunteering information as to the location of the driver of the vehicle that they saw exit the vehicle.”  Officer Pacheco arrived shortly after Officer Williams and observed the bystanders “hollering at us and pointing to the south.” 

Jason Puckett, one of the three bystanders, told Officer Williams that he saw the accident through the rearview mirror of his car and returned to offer assistance.  
Williams said Puckett told him he found a Hispanic male slumped over in the driver’s seat of the accident vehicle, bleeding from the head.  He attempted to keep the man from moving but the individual climbed from the vehicle and ran to a nearby car lot.  Williams said one of the bystanders described this person as a Hispanic male, in his twenties, wearing a white shirt and blue jeans.  Williams further testified that a man fitting this description–white shirt, blue jeans, and major head injury
(footnote: 1)–was the individual he encountered at the car lot.  At trial, he identified this man as appellant.  

Williams also testified that his observation of the location of blood in the accident vehicle was consistent with Puckett’s description.  Photographs admitted at trial depicted the severity of impact on  the driver’s side of the vehicle, damage to its dash, blood on the driver’s seat, and blood splatters on the passenger side.  An emergency room narrative dated April 11, 2005, states that appellant “does not remember the incident” but also reports that appellant was the sole occupant of the accident vehicle.  At trial, Williams opined that based on his consideration of the evidence, appellant was the only occupant of the accident vehicle. 

Appellant called no witnesses but cross-examined the State’s witnesses and offered photographs of appellant’s injuries and the accident scene.  On cross-examination of officer Williams, appellant developed testimony that the accident scene was dark, no one saw appellant driving the accident vehicle, by necessity Puckett had to look back into the headlights of appellant’s vehicle as he observed the accident, that Puckett did not have sight of the accident vehicle at all times, and that during the time it took Puckett to return to the scene, someone could have exited the vehicle and fled.  A photograph of the vehicle’s interior revealed a bottle of beer on the floor of the passenger side.  On cross-examination of officer Pacheco, it came to light that his accident report noted appellant said his girlfriend was in the vehicle. 

We must afford "due deference" to a jury's determinations.  
Marshall, 
210 S.W.3d at 625.  "Although an appellate court reviewing factual sufficiency has the ability to second-guess the jury to a limited degree, the review should still be deferential, with a high level of skepticism about the jury's verdict required before a reversal can occur."  
Roberts, 
220 S.W.3d at 524.  
Here, the jury heard the testimony, observed the demeanor of the witnesses, and considered the documentary evidence before finding appellant guilty.  
We find that the evidence establishing appellant as operator of the accident vehicle is not so weak that the jury’s verdict seems clearly wrong and manifestly unjust, and the evidence contrary to the verdict is not so strong that the jury’s verdict is against the great weight and preponderance of the evidence. 
 The evidence of appellant’s operation of the accident vehicle was factually sufficient.   

In his brief, appellant argues in support of his issue that the use of hearsay evidence violates the Confrontation Clause of the Sixth Amendment to the U.S. Constitution.  During argument to the court following appellant’s hearsay objection, which is quoted above, appellant’s counsel said to the court, “I still think it’s hearsay.  I don’t have an opportunity to cross-examine those witnesses.”  We find this statement does not preserve for our review a contention that admission of the testimony would violate appellant’s rights under the Confrontation Clause.  
See 
Tex. R. App. P. 33.1(a)(1)(A) (objection must state grounds "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context"); 
Saldano v. State, 
70 S.W.3d 873, 889 (Tex.Crim.App. 2002) (failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence, including constitutional errors).
 

Finding appellant’s conviction supported by factually sufficient evidence, we overrule his sole issue and affirm the trial court’s judgment.

James T. Campbell

Justice

Do not publish.

FOOTNOTES
1: 
Williams related that when he first observed appellant, “he did have a very substantial injury to his forehead and his scalp area to where the portion of his forehead was actually hanging down like a flap.  It had quite a bit of blood on his face, but he had wiped it off.”